Good morning, counsel. Good morning. If it pleases the court, Cory Glabe on behalf of the Appellant Santa Ana Police Officers Association and Cory Slayton. I'd like to reserve about three minutes. We'll try to help you. In this case the original action was filed in state court based on violations of the Public Safety Officers Procedural Bill of Rights Act. I'll probably refer to it as POBAR for short. In the initial complaint the allegations were the department wasn't given proper notices, it wasn't allowing representation during interviews, and it wasn't providing documents prior to second interviews. As that case proceeded we sought immediate injunctive relief. We were denied that relief. The administrative appeal went forward and he was able to clear himself before the personnel board. All charges and allegations were overturned. The case preceded, the initial filing preceded a summary judgment and the court denied the state court denied the city's motion for summary judgment finding there was a question of fact regarding the notices and other issues. In the interim and just recently the 4th District Court of Appeals for the state of California determined that the city's practices regarding providing documents before second interviews was also in violation of the law and that's in Santa Ana Police Officers Association v. City of Santa Ana 13 COAP 5th 317 and that was a What happens then is the officer is reinstated and once he's reinstated and that's the crux of the First Amendment a number of acts are taken against him. We believe those were retaliatory for him bringing the first lawsuit and for invoking his due process violations. But prior to getting to the summary judgment motion the court knocked out the damage portions of the case on a 12b6 motion to the law in California, a tort claim does not need to be filed when you're seeking primarily injunctive and mandamus relief which we did with the initial filing. With respect to all these presentment requirements I went through and looked at each of those and there was some element of damages admittedly fairly small in some cases in each of them or they were filed after the lawsuit was filed and I would ask you in what way did your client comply with the CTCA's presentment requirement on the issues involved? Okay so that and that's why I kind of gave the background to the case. The initial case was filed for injunctive mandamus and it had ancillary requests for damages under the code. And that's all that's required right? Money. When you know there has to be a damage I mean it has if there's a damage element involved you've got to give the city an opportunity to respond before you file a lawsuit. The Lasada case that we cite in our paper says if the primary purpose of the lawsuit is damages. When we filed the primary purpose was not. However when we then go in all the retaliate what we allege our retaliatory acts occur we do file a tort claim and then we seek leave to amend the complaint. Once we amend the complaint we include the First Amendment violations in the constitutional violations and that. And those are counts four and five right? Of the third amendment can make? I believe it's four and five. And for counts four and five so these are new so I I think you have an argument here that it's ridiculous to have said you should have filed before you filed the lawsuit since those are about retaliation for a thing that happened later. You have something there but it seemed to me that when I looked at how you alleged how you had complied with the presentment requirement you said something about filing a tort claim but my understanding is you also have to say that the state or the city denied it? I didn't see anything about that. So had the city denied it before you filed your amended complaint that added these retaliation claims? I don't if I recall correctly and I'm not sure it's in the record I don't know if we ever received a rejection letter from the city. So isn't that a problem because I thought you had to present your claim and have it rejected before you file in court. If the city doesn't respond within I believe 45 days in the code it's rejected as a matter of law. So but you didn't say in your complaint that you the 45 days had passed and it had been silent right? I don't believe we did and that's where I believe we should have been given leave. So the initial one the initial finding by the court was we didn't the the initial 12b6 motion didn't raise the tort claim issue. It was the second one and the court said you didn't do sufficient. We did more which unfortunately would have been acceptable under state court but wasn't acceptable under the pleading standard in federal court. We could have as the court noted there's notice that the claim was filed we could have amended the complaint to say here's what the claim said or attach the complaint. So if we were to give you leave if we were to remand for leave to amend you think you consistent with rule 11 you could allege that you'd complied with these requirements before filing the amended complaint because it's a sort of a waste of time if you can't. I believe we can. I believe that the the sufficient time had lapsed because we had to go through a motion practice in order to do the amending and the city complained that part of the motion for leave should have been denied because the tort claim said that we had knowledge months ago. So that takes that's the tort claim. I believe we should have been granted leave on that. We then go into... I understand in answer to my colleague you're saying with respect to each of these presentment claims or maybe you should tell me which ones that you can indicate in an amended pleading that there was no need to wait for an answer because 45 days had passed and therefore the statute had been complied with is that right? I whatever the statutory time period I don't want to tie myself to the 45 because I'm not as I stand here I can't tell you that is the law. Whatever the time period is I believe that time period had lapsed or we did receive a letter and I'd have to But that's only as to claims four and five or counts four and five that are about retaliation right so you also had been dismissed on count one which was the Pobar claim which was in the original complaint so that one really does have the timing problem I believe right? That one under the courts theory yes we did not file a tort claim prior to filing the initial lawsuit but we don't believe we needed to because the primary relief we were seeking as shown by our request for temporary restraining order was the injunctive relief to But if we disagree with you on that so you would need to rely on this issue of when the timing was of when you filed the when you presented to the city it would only get you out of four and five right? Correct so if if we were supposed to file a tort claim before the original action then our damage claims under the original causes of action we wouldn't be able to do damages we would still be able to pursue the injunctive and mandamus relief which has been filed in the state court after the district court remanded those the state claims down. So then we like for count one is there any problem with the current status I mean do you are you does it matter if we remand count one and if it's going on in state court now it sounds like that one's taken care of or what do you want on count one at this point? In regards to the Pobar claims one of the issues in the district courts decision was statements to the effect that the officer wasn't entitled to representation during certain interviews. We believe that is a classic claim under Pobar as to when an interview when an officer's in under investigation and being interrogated when that triggers his rights so that is before the state court. So there's no problem with that we don't have to worry about that? No the state court has put a stay on the state court action pending resolution because the district court included comments in his opinion regarding the triggering factor under Pobar. Let me follow up on this so with respect to the claim one you're saying even if we were to agree with you we don't need to remand to give you leave to amend on that because that's in the state court that's okay. What about claims four and five is that the same? No the federal claims that the judge dismissed on summary judgment and I was moving to that those we believe were dismissed on summary judgment and properly as we have briefed. But I thought four and five were dismissed at the motion to dismiss those are the ones that were dismissed for lack of presentment I thought. I may have my causes of action numbers. One was I believe a whistleblower which may be four or five I don't know four and five were both kind of retaliation like as I understood it. There's two types of retaliation or actually there's three there's retaliation for whistleblower under the labor code there's retaliation under Pobar under government code section 3304 and then there's First Amendment retaliation. What I show is it's the first fourth and fifth causes of action that had the presentment issues is that correct? That sounds correct. Okay and and with respect to count one you're saying that's in state court with respect to four and five you're saying those would be federal in any event but the the presentment issue of course is still there from your perspective. The presentment issue only addresses state law claims there is no presentment issue on the federal claim. I understand that that's the nature of the claim but I'm just asking from our role in terms of what we do are you saying that if you were if you were to convince us that we should remand as to four and five and and have the district court give you an opportunity to amend and that were we to do that your basis for having a successful repleting is that you didn't have to present any more than you did because you were only seeking say $25,000 damage which wasn't the primary purpose is that you're saying that what you're saying? As far as the first the the initial complaint that is correct we didn't have to do it because they were ancillary damages. As far as to the amended complaint we were seeking damages and we did comply with the court claim. So with respect to four and five then we're just supposed to consider those straight up right that we're not talking about any state and continuing state action on that at all we're just going to look at the law and see whether we believe you complied with the presentment. Even if we can amend to allege compliance because even though the state law claims were remanded to the state court those claims are still been dismissed. Right. So we would need leave this court to reverse that so we can amend them in the state court. I'm running a little bit short time but on the fourth amendment we believe the department as they did in Delia ordered the officer to go into his residence retrieve evidence and that there is no basis for a warrantless search in that case. In regards to the first... Wait a second that's what happened in Delia but your client wasn't asked to go into his house and retrieve something was he? Yes he was. He had put on a body camera when he recorded different events. He downloaded that camera on his home computer not at a workstation not at a work computer. So then he's ordered to go in the department claiming that's their property the video go in retrieve those videos and bring him back the next day or face termination. Maybe I misunderstood I thought they wanted the camera that he had been carrying are you saying that camera didn't have hit the videos on it anymore? Correct he had downloaded because this wasn't immediately after he downloaded like that night they said okay download it into ours they didn't have a system for that because it was his personal camera he downloaded him into his own computer at home that's why they gave him a full day to go back to his residence retrieve the videos and bring him back to the department or face termination. But it only dealt if I recall correctly it only dealt with that portion of the total video that dealt with a specific instance that he was involved in and they wanted that evidence because it was part of the official documentation. That's what the city has briefed but that's incorrect. They asked him for that video of the specific incident and all other videos that he had taken at work. So where's his expectation of privacy? Because the problem there's a question whether it's his property or the department's property but the location of the property was his residence. But during work time where's the expectation of privacy in that video taken at work regardless of where he then goes and puts it? Well let's use a different example. Let's say he had taken a weapon from work. It's the city's property and it's used for work and he puts it at his residence. The department can't just walk into his house and retrieve that weapon. They would still need a search warrant to do so and that's kind of what they dealt with. And that's what they did in Delia is they asked him to go in where they couldn't search the house themselves. They asked him to go in bring the property out for them to inspect and this court determined that to be an unlawful search. My time is up but I'd like to reserve for rebuttal if I could. Okay we'll hear from the respondent. Good morning your honors. May it please the court. My name is Dennis Cota and I represent the appellees in this case the city of Santa Ana, Santa Ana Police Department and the individual defendants. The appellant situation in this case is not unlike Tom Sawyer tasked with painting the white fence. They look for someone else to do the work for them in four separate attempts to create a pleading. The appellants have yet to do so on this issue of either the government tort claim or the claims under the 1983 allegations. Addressing first the the government tort claims, it has been argued that that the appellants have satisfied the government tort claim relative to the fourth and fifth causes of action and just to clarify for the court, the causes of action at issue there are in fact the first cause of action for violation of POBAR, the fourth cause of action alleging retaliation in violation of which was a whistleblower claim. This third amended complaint was filed on December 15 of 2015. The record will reflect that that was the same day that the amended tort claim, which is in fact not in the record before the court, was filed. Well he said he filed something in February and the district court said February was after the filing of the original complaint, but to the extent that the amended complaint filed in December 2015 was alleging things that had happened in the meantime, there's no way he could have filed them with the city earlier. So it seems like your brief and the district court have this timing illogic that makes no sense. He can't possibly have filed them before they happened. Well there was there was a tort claim your honor on February 27th of 2015, which in fact came after their first complaint, which was another. Right, after their first complaint, but their first complaint didn't have the retaliation claims. The retaliation claims aren't filed till December. February is before December, so he says he filed them before December. Now maybe he didn't, and maybe you can prove that, and maybe he'll have rule 11 sanctions for trying to say he did, but why can't he amend to try to show that he complied with the presentment requirements? So several problems here. First, they failed to plead in their third cause of action compliance with the government tort claim. Well they say they filed something with the city. I agree with you, they don't say the city denied it, but why isn't that something he can fix through amendment? Because in fact, even if they attempted to amend now, they cannot effectively amend to plead satisfaction of the government tort claim. They filed that. Why not? They filed that claim at the same time that they filed their third amended complaint. But we don't know that from our record, right? This is how you're going to argue in the district court if they ever do amend that they're false and should get rule 11 sanctions, I think. I mean, how are we supposed to know whether you're telling us the truth about that? And this points up exactly the problem of this string of deficient pleadings, Your Honor, that now four pleadings into this process, appellants have been unable to create a viable pleading. They failed to plead in compliance with the government tort claim, and they're here asking you for yet another opportunity. It is a requirement. It is an element of a proper cause of action, not an affirmative defense, to demonstrate that they have satisfied the government tort claim. So he's saying to us, he's saying to us, if I get a chance to amend, I'll be able to amend in an adequate way. I guess you're asserting that he can't. How are we supposed to resolve that? And, Your Honor, the fact that the whistleblower causes of action and the violation of 3304 that they have previously alleged could have and should have included those causes of action and didn't is indicative of the ongoing defect here. Well, maybe I misunderstood. So I thought he was saying four and five, these whistleblower and retaliation claims, had to do with retaliation for the filing of the original complaint in this case. Is that not your understanding of those claims? That is correct, Your Honor. That is not what we understood from the third amended. How do you understand what those complaints are about? What do you think they're about? Well, and that is precisely the problem. By filing a third amended complaint without adequately addressing a tort claim, they never afforded the city the opportunity to assess the And that goes to the very point, Your Honor, of the fact that the district court should not be required to remedy these deficiencies, nor now should the appellate court afford the city the opportunity to assess the deficiencies    to resolve that as an appellate court at this point. So the district court said, I think you messed up because you didn't file these fourth and fifth presentment things before you filed the original complaint. That makes no sense if they are arising out of the original complaint. Will you go with me that far or do you disagree with that somehow? It is not our understanding that the allegations of the third amended complaint are the same as the first. So I believe I do agree with you. Okay. So now that was an invalid basis for the district court to have rejected, to have dismissed without leave to amend causes of action four and five, unless we have some other reason to deny leave to amend. So do you have another reason to deny leave to amend? That the causes of action now being attempted were never given the benefit of a proper government claim. But in February, the complaint says in February we filed a tort claim with the city. Which related to the original action. Well, how do we know that? Is it in the record? Yes. The February filing is in the record? The February 27 filing is in the record. Point me to it because I didn't find it. And I don't have that. It matters a lot I think because we need to know if it's related to claims four and five or not. So it would be good if we could get you to point us to it. And the, if I could have just a moment, Your Honor. And Your Honor, it's an exhibit to the second page 2018 of the ER. And in the interest of time, Your Honor, I'd like to move on to make sure that we have an opportunity to cover the 1983 claims as well. Before you get to that, just take a second here. The district court granted summary judgment on the first amendment retaliation claims. And in that, Mr. Slayton cited ten different claims. They were just kind of bullet claims. Yes. Without any substantiation. Was the district court justified in dismissing that claim? Yes, Your Honor. As to each of those, and we can go through them, the, an analysis points up that there were no adverse employment actions suffered and that, in fact, the requirements under Ng versus Cooley in each case had, in fact, been satisfied in the district court's analysis. None of those, none of those ten alleged adverse employment actions gave rise to relief under the first amendment arguments that were being attempted by appellants. In short, then, Ng, the third prong of Ng requires that that be shown. You're saying that the district court properly found in analyzing each of these ten bullet claims, if you will, that no adverse results had been pled, right? Correct. So if we disagree with that, then we need to send it back, right? Well, there's nothing in the record that indicates that any of those were those, Your Honor, that, or several of them that are of particular concern, I would be glad to address those. In each instance, the balancing test, the considerations of whether there was a, the actions were motivated by retaliation show that the alleged actions did not give rise to adverse employment actions, did not chill speech in a manner that gave rise to a first amendment violation and were appropriately dismissed on summary judgment. And in this case, because there was summary judgment, unlike just a dismissal on 12B6, the plaintiff had an opportunity to assert all of the damages that he believed he had suffered as a result of each of these ten bullet point actions, right? And in fact, in four separate attempts, Your Honor, the previous amendments had been allowed, and this was the third cause of action, and their final effort when the defense brought this motion for summary judgment as against these causes of action. Are you saying that the plaintiffs had an opportunity or occasions to respond to what ultimately became the motion for summary judgment? In other words, that sending it back really wouldn't do any good because you've got all of the record, all of the claims that could be made have been made in effect as to respond to those ten points. Yes, Your Honor. While the ten points were ultimately brought forward in their last gasp to keep the third amended complaint alive, the fact is this pleading has gone through four iterations and it is not the response. Well, I guess I don't particularly care about that. What I care about is has he had an opportunity to respond, and has he failed to do that adequately to protect that claim? It would be our position, yes, Your Honor, as to each of those ten, and certainly as to this issue of the government claim, which is an essential prerequisite which was not satisfied in this case. So I tried to look at page 2018, and that is not something that was filed with the city in February. So do you have a different thing? It looks like your colleague is behind you with something else to point us to. If I might. Your Honor. Specifically, Your Honor, the government claim was attached to and appears at 2133 at the excerpts of record. And what's there? The notice of claim that was received by the city on March 3rd. I thought it was February. Oh, you're saying you didn't receive it until March? Correct. It's received on March 3rd. And this goes back to our 1, 4, and 5 claims, or are we talking about the 4 and 5? Yes, that were addressed in the motion to dismiss, Your Honor. Okay. And you believe that this, your argument is if we read 2133, we'll be able to tell that it doesn't actually correspond to claims 4 and 5 of the complaint? Correct, Your Honor, that it was filed in conjunction, actually following the original complaint, which was filed in January of 2014, and that 4 and 5, part of the third amended complaint, didn't come on until December of 2015. And then was concurrently received with the attempted amendment of the tort claim. Okay. I think your time is up unless either of my colleagues has a question. I think not. Thank you, Counselor. Thank you, Your Honor. Okay, Counselor, you've got some rebuttal time. Thank you. Real quickly on the tort claim, the retaliation in the fourth cause of action is because of the original lawsuit. So you couldn't file the tort claim before the original lawsuit. Do you agree with him that this Exhibit A at 2133 is what you filed in February? So if we read it and we think it's not a good presentment, you're done? Not having it in front of me, I couldn't answer your question. I believe there was, I'll take the representation that that's the tort claim. I can't say standing before you because I don't have it in front of me. I also wanted to ask something that I think is similar to what my colleague, Judge Smith, was asking opposing counsel. So you have this retaliation claim in two different forms in counts four and five that you think were improperly dismissed for presentment issues. But you proceeded on retaliation claims under federal law to summary judgment and lost. If we agree that your federal retaliation claims were properly ruled against you, then is there any reason to revive the state version of the retaliation claims or is it just going to be the same stuff that didn't succeed at summary judgment? The elements of the retaliation claims under Government Code Section 3304, Labor Code Section 1102.5, and the federal are different standards. So they can be revived. It will be the same evidence. But I need to point out to the court that we received this motion for summary judgment. They didn't meet the initial burden of present admissible evidence. It's just a declaration from counsel saying these are business records. We were then given seven days to address all the statement of facts and provide our own, and we did that as soon as we can. We provided evidence to support our statement of facts, and the statement of facts has citations to the evidence. What appears, the district court appears, is that he wanted that in the brief versus any of the moving papers. And Rule 56 appears, and I've looked at different circuits as to what is reviewed as far as the evidence. The separate statement of facts was created so that you wouldn't have that in, have a 100-page motion for summary judgment opposition. You have your separate statement of facts, and you reference it in your other papers. But it's all part of the opposition papers. So we did cite the evidence. And I do believe the, I think your Honor referred to them as the ten bullet points. We cited the evidence and presented the documents showing that these events occurred. And I know I'm out of time, but I'd like the final point of, if you look at the Pelley's brief, they agree that these facts occurred. They just disagree on what they mean. Therefore, that's a material question of facts for a jury to decide. What do these facts mean, and do they constitute retaliation? Or can they? I think you're out of time, counsel. Any other questions by my colleagues? I think not. Thank you for your argument, both counsel. Thank you. The case just argued is submitted.
judges: M. Smith, Friedland, Rakoff